IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SIMON SMALLWOOD,                   }
TDCJ-CID No. 552407                }
    Plaintiff,                     }
v.                                 }   CIVIL ACTION NO. H-07-2542
                                   }
ALFONSO CASTILLO, *et al.*,        }
    Defendants.                    }

### OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a more definite statement of his claims. (Docket Entries No.1, No.6). For the reasons to follow, the Court will dismiss the complaint with prejudice.

### CLAIMS

Plaintiff alleges the following in the pending pleadings: On April 5, 2007, plaintiff was assigned to the Estelle Unit because of his age and medical condition. Upon his arrival at the Unit, plaintiff was escorted into a building where an officer instructed him to submit to restraints. Another officer shoved him to the wall and told him not to ask questions and to submit to the restraints. Once cuffed, the first officer placed him in a solitary cell. Plaintiff asked why he was being placed in solitary confinement. The first officer told him that he had done nothing wrong. She explained that the Unit had a limited number of cells that met plaintiff's bunk and row restrictions[1] and because none were available at that time, Warden

---

[1] Plaintiff's medical restrictions included sedentary work and bottom bunk-bottom row housing. (Docket Entry No.6).

Castillo had authorized inmates with special restrictions to be housed on the "A-Wing." The A-Wing is primarily designated as solitary confinement. (Docket Entry No.1).

Plaintiff claims that his confinement on the A-Wing became punitive when he was subjected to restrictions denying him physical access to the law library, church services, the recreation yard and day room, the dining room, and school. Plaintiff claims he was forced to remain in his cell for twenty-four hours a day except for a shower and a visit to the commissary every two weeks. Plaintiff was also placed on restricted status, *i.e.*, he was placed in restraints and escorted by security personnel each time he was out of his cell. (*Id.*).

On April 6, 2007, plaintiff attended a Unit Classification Meeting. Plaintiff asked the committed members why he was being punished. A Captain told him that he was not being punished. When plaintiff complained about the restrictions, the Assistant Warden said, "We don't have time for this; you're lower one cell restricted and we don't have any lower cells, so you're being housed on A-Wing and those are the rules of A-Wing." Plaintiff continued to question the officers about the punitive restrictions. The Assistant Warden became angry and again told plaintiff that he was being housed on the A-Wing because of his medical condition and the lack of appropriate cells on the Unit. Thereafter, plaintiff threatened to file a federal suit and the Assistant Warden ordered him removed from the hearing. Sergeant Garcia forcibly removed plaintiff from the hearing by grabbing plaintiff by the collar and the restraints. Garcia almost lifted plaintiff from the floor while applying pressure to the restraints. Plaintiff screamed in pain. He suffered an injury to his left wrist. (*Id.*). It was bruised and swollen. (Docket Entry No.6).

Plaintiff showed the bruised wrist to officers working the first and second shifts and requested medical attention. (Docket Entry No.1). When nurses who were conducting pill

call came to his cell, plaintiff showed them his wrist. One nurse indicated that she would report the injury to the nurses in the infirmary. No action, however, was taken with respect to plaintiff's injured wrist. (*Id*). Plaintiff does not indicate that he sought further medical treatment or that he still suffers from the bruised wrist.

Plaintiff filed a grievance on April 9, 2007, complaining of the events that had transpired. The grievance, however, was lost or destroyed. He remained on the A-Wing for fourteen days or until April 18, 2007. Forty-two days later when he had not received a response to the grievance, plaintiff sent an I-60 to the Unit Grievance Investigator inquiring about the grievance. On June 4, 2007, plaintiff was informed that there was no record of a grievance filed on April 9, 2007. (*Id*.).

Plaintiff claims that Warden Castillo's policy or practice of housing medically restricted inmates on the A-Wing when medically approved cells are unavailable violates his right to due process, TDCJ administrative directives, and constitutes cruel and unusual punishment under the Eighth Amendment. (Docket Entry No.6). Plaintiff further claims that the members of the Unit Classification Committee were personally involved in his wrongful confinement on the A-Wing because they knew that plaintiff was wrongfully confined on the A-Wing. (*Id*.). Plaintiff also complains that the TDCJ Grievance Coordinator violated his rights by failing to enforce TDCJ policy regarding access to the grievance system. (Docket Entry No.1).

Plaintiff seeks an injunction ordering the Unit's Grievance Investigator to allow him to re-file the misplaced grievance. Plaintiff also seeks a temporary restraining order directing the Unit's Senior Warden to stop the practice of placing inmates on the A-Wing until this claim is settled in federal court. He also seeks compensatory, punitive, and nominal damages for each violation of his constitutional rights and his physical and mental injuries while in punitive isolation on the A-wing. (*Id.*).

## STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (c) and 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998))).

## DISCUSSION

### A-Wing Confinement

Plaintiff's allegations regarding his temporary incarceration on the A-Wing do not give rise to a due process claim. Temporary placement in solitary confinement is not an atypical or significant deprivation that would give rise to a due process claim. *Sandin v. Conner*, 515 U.S. 472, 481 (1995). Plaintiff was not entitled to a hearing or any other form of procedural due process before being placed in solitary confinement. Therefore, his claim that Warden Castillo violated his right to due process via the policy of placing inmates with medical restrictions on the A-Wing until suitable housing could be found is without a legal basis and subject to dismissal as frivolous.

Likewise, plaintiff's claim that the incidents of his confinement in solitary amounted to cruel and unusual punishment is also without a legal basis. The Eighth

Amendment's prohibition against cruel and unusual punishment requires that a prisoner be afforded "humane conditions of confinement" and prison officials ensure that the inmate receives adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish an Eighth Amendment violation of conditions of confinement, an inmate must first show that the deprivation alleged was sufficiently serious, *i.e.*, an official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities." *Id.* Second, the inmate must show that the offending prison official possessed a sufficiently culpable state of mind, *i.e.*, the undue hardship endured by the prisoner was a result of the prison official's deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294 (1991).

Plaintiff fails to state any facts that would show that he was denied the minimal civilized measure of life's necessities during his fourteen-day confinement on the A-Wing of the Estelle Unit. Although he complains that he was denied the privileges that he once enjoyed before his transfer to the Estelle Unit, plaintiff states no facts to show that he was deprived of adequate food, shelter, clothing, and medical care while incarcerated on the A-Wing. Accordingly, his claims against defendants are without a legal basis and subject to dismissal as frivolous. Plaintiff is no longer confined on the A-Wing; therefore, he is not entitled to equitable relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)

<u>Excessive Force</u>

Plaintiff's pleadings also do not give rise to an excessive force claim against Sergeant Garcia. To establish an excessive force claim, an inmate must show that the force was not applied "in a good faith effort to maintain or restore discipline," but rather was administered in a malicious and sadistic manner to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An analysis of such claim includes an objective and a subjective component. Under the objective component, a court must determine whether "the alleged wrongdoing was objectively

5

'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (quoting *Whitley*, 475 U.S. at 327). Moreover, the inmate must have sustained some physical injury as a result of the force. 42 U.S.C. § 1997e(e). The physical injury must be more than *de minimus*, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Under the subjective component, a plaintiff must show that the defendant acted "maliciously and sadistically to cause harm." *Id*. at 7. The subjective intent of the officer may be determined by considering the following objective factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible official; and (5) any efforts made to temper the severity of the forceful response. *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993).

Plaintiff's pleadings show that Sergeant Garcia used force to restore order as directed by the Assistant Warden after plaintiff repeatedly challenged Unit Classification Committee members about the restrictions imposed on him in the A-Wing. Plaintiff's pleadings further show that plaintiff suffered a minor, incidental injury in connection with the use of handcuffs. Plaintiff received no treatment for the injury although a nurse looked at his wrist. Plaintiff does not indicate that he requested further treatment for the injury or that he continues to suffer from such injury. Without more, plaintiff's allegation of a physical injury does not give

rise to a constitutional claim for excessive force. *See Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir.2007); *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Accordingly, plaintiff's excessive force claim is subject to dismissal as legally frivolous.

### Grievance System

Plaintiff's complaint about the lost grievance is also without merit. Inmates do not have a constitutionally protected right to a grievance procedure. *See, e.g., Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991 (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure). When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's failure to comply with appropriate grievance procedures. *See Flick*, 932 F.2d at 729.

Furthermore, to the extent that petitioner complains that TDCJ-CID officials failed to follow institutional policies in addressing his grievances, his complaint must fail. "A prison official's failure to follow the prison's own policies and procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Meyers v.*

*Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  Accordingly, plaintiff is not entitled to injunctive, compensatory, punitive, or nominal relief on this claim.

## CONCLUSION

Based on the foregoing, this Court ORDERS the following:

1.  Plaintiff's complaint is DISMISSED with prejudice, as legally frivolous.

2.  Plaintiff's requests for equitable relief and damages are DENIED.

3.  All pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 12th day of December, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE